IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARAMIS GONZALEZ, III   :   CIVIL ACTION
  :
  v.   :
  :
TABB BICKELL, et al.   :   No. 13-3404

**MEMORANDUM**

J. WILLIAM DITTER, JR., J.          June 12, 2017

Presently before this court is a *pro se* petition for writ of *habeas corpus* filed

pursuant to 28 U.S.C. § 2254 by Aramis Gonzalez, III. Gonzalez challenges his sentence

of life imprisonment without the possibility of parole as a juvenile offender in the wake

*Miller v. Alabama*, 132 S. Ct. 2455 (2012). For the reasons that follow, the petition will

be conditionally granted.

**FACTS AND PROCEDURAL HISTORY:**

Gonzalez was 15½ years old when he shot and killed a store clerk in the course of

a robbery. On January 9, 1997, after Gonzalez was tried as an adult, he was

found guilty of murder in the first degree and sentenced to life imprisonment without the

possibility of parole. Subsequent direct and collateral appeals from his conviction were

denied.

On July 9, 2012, Gonzalez filed a *pro se* petition under Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, *et seq.*, alleging that he was

entitled to relief pursuant to *Miller v. Alabama*, *supra*. In *Miller*, the Supreme Court of

the United States held that imposition of a mandatory life sentence without the possibility

of parole on a person who was a juvenile at the time of the commission of the crime violated the Eighth Amendment's prohibition against cruel and unusual punishment. On June 17, 2013, Gonzalez filed the instant federal *habeas* petition asserting the same claim. Federal *habeas* petitions in this court asserting *Miller* claims, including Gonzalez's petition, were subsequently stayed pending a United States Supreme Court decision on the retroactivity of *Miller*.

On November 17, 2015, the PCRA court dismissed Gonzalez's state court petition pursuant to the Pennsylvania Supreme Court decision in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), which held that *Miller* did not apply retroactively to cases on collateral review. Gonzalez filed a timely appeal to the Pennsylvania Superior Court.

On January 25, 2016, the United States Supreme Court issued its ruling in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), holding that *Miller's* prohibition against mandatory life without parole sentences for juvenile offenders was a substantive rule that, under the United States Constitution, is retroactive in cases on collateral review. In light thereof, the Pennsylvania Superior Court remanded Gonzalez's PCRA petition to the lower court for further proceedings.

On March 9, 2016, the Honorable Dennis Reinaker, President Judge of the Court of Common Pleas of Lancaster County, issued an order stating that he would oversee Gonzalez's resentencing. However, on May 13, 2016, the Commonwealth filed a motion to stay proceedings in Gonzalez's case pending the Pennsylvania Supreme Court decision

in *Commonwealth v. Batts*, 135 A.3d 176 (Pa. 2016); 2016 WL 1575127 (Pa. April 19, 2016). The Commonwealth argued that the issues in the *Batts* case would directly impact the procedures and standards to be employed when resentencing juveniles who had previously received mandatory sentences of life without parole. On May 17, 2016, Judge Reinaker granted the Commonwealth's motion to stay Gonzalez's resentencing.

On September 14, 2016, Gonzalez filed an Application for Bail Pending Appeal in the Lancaster County Court of Common Pleas. The application was denied on September 29, 2016.

On September 28, 2016, Gonzalez filed a motion to lift the stay put in place on May 17, 2016. His motion was denied on October 5, 2016. On October 28, 2016, Gonzalez appealed the denial of his bail application to the Pennsylvania Superior Court; however, that appeal was quashed on January 25, 2017, as it was taken from an unappealable order.

The Pennsylvania Supreme Court held oral argument on the *Batts* case on December 7, 2016, and the *Batts* case is currently pending.

On January 17, 2017, I vacated the stay in this case, appointed the Federal Defender to represent Gonzalez, and directed the parties to file updated responses in this matter. Respondents urge me to abstain from taking any action on the instant petition pending state court action.

**DISCUSSION:**

On January 25, 2016, the United States Supreme Court held in *Montgomery* that *Miller's* prohibition against mandatory life without parole sentences for juvenile offenders was retroactive to cases on collateral review. Under *Miller* and *Montgomery*, Gonzalez's continued incarceration under a mandatory life sentence without the opportunity for parole violates the Eighth Amendment.

Although one and a half years have passed since the Supreme Court decision in *Montgomery*, Lancaster County has made no effort to set the wheels in motion for Gonzalez's resentencing.[1] I am aware of no other county in the Eastern District of Pennsylvania which feels the guidance from a decision in *Batts* precludes resentencing of *Miller* prisoners. *See Lewis v. Wolfe*, 2017 WL 1354938 (E.D. Pa. April 13, 2017).

Lancaster County is given until December 29, 2017, to resentence Gonzalez. If he is not resentenced on or before that date, he shall be released from custody

**CONCLUSION:**

An appropriate order follows.

---

[1] Respondents concede that Gonzalez is entitled to resentencing and allege that "such hearings were scheduled" prior to the issuance of the stay in his state case. They do not provide any other specific information regarding the date and/or purpose of those previously scheduled hearings.